## Richmond

**WILLIAM McCOY GARRIS v. COMMONWEALTH OF VIRGINIA.**

June 14, 1971.

Record No. 7553.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Vernon T. Forehand,* for plaintiff in error.

*William P. Bagwell, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

William McCoy Garris, defendant, seeks to reverse a judgment entered by the lower court on December 11, 1967, sentencing him to 18 months confinement in the penitentiary under an indictment for grand larceny.

During the late evening of July 30, 1967 or the early morning of July 31, 1967, the West End Shell Service Station in the City of Chesapeake was burglarized, and a battery, a shotgun, tires and cash in the amount of $69 were stolen.

On the morning of July 31, 1967, at about 6:30 A. M., an automobile accident occurred on the Portsmouth side of the West Norfolk Bridge. Upon investigation the police found at the scene a 1955 Ford automobile registered in the name of defendant. The driver of

the car, admittedly the defendant, had left the scene and was subsequently located by the police at an apartment in Portsmouth. He was charged with leaving the scene of an accident and stated to the police at the time of his arrest that "he knew he should not have run".

The Portsmouth authorities notified the Chesapeake police that defendant was in custody. Detectives J. P. Ellis, Jr. and R. C. Braziel testified that a search warrant was obtained in Portsmouth, from a Justice of the Peace, for the search of defendant's automobile. This warrant was not introduced. It appears that it was lost or misplaced. Braziel had a copy in his possession at the time he testified.

The search revealed in the trunk of the car a battery, tires and a shotgun, identified by Edward L. Eure, operator of the West End Shell Service Station, as the articles stolen from the station the previous evening. Inside one of the tires was found glass of the same thickness as the glass that was broken out of the sliding door through which entrance was gained to the station. On the front floorboard of defendant's automobile the officers found a pair of pliers, a flashlight and a paint scraper.

Defendant complains of the action of the police in opening the trunk with a key "taken off the defendant"; that he was illegally searched when he was arrested; and that the evidence is insufficient to sustain his conviction. While the record in this case is vague as to the time and manner in which the key was obtained from the defendant, we find no valid objection interposed to the search warrant. Neither can we find in the record anything from which we can conclude that the search warrant was not lawfully obtained, and in the possession of the officers, when the trunk was opened and the stolen goods discovered. On the contrary, two officers testified that the warrant was issued, by whom it was issued and that it was in their possession at that time. Under these circumstances it is immaterial whether the officers entered the trunk with the key or by other means.

Defendant admitted that he was operating the car when the accident occurred and that he left the scene. He was in possession of goods recently stolen and gave no reasonable or satisfactory explanation of his possession. The evidence supports the judgment of the lower court.

We find no merit in the errors assigned by the defendant.

*Affirmed.*